1

2

3

4

5                    **IN THE UNITED STATES DISTRICT COURT**

6                        **EASTERN DISTRICT OF CALIFORNIA**

7

8    SHAWN LITTLE.                        CASE NO. 1:19-cv-01563-DAD-EPG

9                    Plaintiff,           ORDER VACATING FINDINGS AND
                                          RECOMMENDATIONS
10        v.
                                          (ECF No. 11)
11
     A. RIBERA, et al.,                   ORDER DENYING MOTION TO APPOINT
12                                        COUNSEL
                    Defendants.
13                                        ORDER GRANTING MOTION FOR
                                          EXTENSION OF TIME, PROVIDING
14                                        THIRTY DAYS FOR PLAINTIFF TO RE-
                                          EVALUATE OPTIONS IN SCREENING
15                                        ORDER

16                                        (ECF No. 12)

17                                        ORDER DIRECTING CLERK TO PROVIDE
                                          COPY OF SCREENING ORDER,
18                                        COMPLAINT, AND CIVIL RIGHTS
                                          COMPLAINT FORM
19
20        Plaintiff Shawn Little ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

21   *pauperis* in this civil rights action under 42 U.S.C. § 1983.

22        On August 8, 2020, the Court issued a screening order, which found no cognizable claims,

23   and directed Plaintiff to file a First Amended Complaint or to notify the Court he wished to stand

24   on his complaint. (ECF No. 9). On May 4, 2020, Plaintiff notified the Court he wished to stand on

25   his complaint. (ECF No. 10). On May 5, 2020, the Court issued findings and recommendations to

26   the district judge, recommending Plaintiff's complaint be dismissed for failure to state a claim.

27   (ECF No. 11).

28        On June 2, 2020, Plaintiff filed a request for instructions, request for appointment of

                                          1

1   counsel, and request for various forms.  Plaintiff attached two declarations. (ECF No. 12).

2        He stated that he is in uneducated and cannot understand the law. He relies on legal

3   assistants. His previous assistant was transferred to a new yard, and he no longer can assist. He

4   now has a new assistant, who filed his own declaration. That declaration states he needs

5   instructions, lacks library access, and is struggling to prosecute the case.

6        Plaintiff's requests are (1) to appoint counsel, (2) for instructions, (3) to provide various

7   forms, (4) for an extension of time.

8        A.    MOTION TO APPOINT COUNSEL

9        Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

10  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

11  (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

12  U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

13  490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request

14  the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

15       Without a reasonable method of securing and compensating counsel, the Court will seek

16  volunteer counsel only in the most serious and exceptional cases.  In determining whether

17  "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

18  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

19  complexity of the legal issues involved."  Id. (citation and internal quotation marks omitted).

20       The Court will not order appointment of pro bono counsel at this time.  The Court has

21  reviewed the record in this case. Given the recent screening order finding Plaintiff has failed to

22  state any claims, the Court cannot determine that Plaintiff is likely to succeed on the merits of his

23  claims.  Moreover, it appears that Plaintiff can adequately articulate his claims with the help of

24  his legal assistants.

25       Plaintiff is advised that he is not precluded from renewing his motion for appointment of

26  pro bono counsel at a later stage of the proceedings.

27       B.    REQUEST FOR INSTRUCTIONS AND EXTENSION OF TIME

28       Because Plaintiff's legal assistant was transferred to another yard, and because Plaintiff

2

attached an affidavit declaring his new assistant lacks access to the law library, the Court will give Plaintiff an additional thirty (30) days to reconsider his options in the screening order. Within thirty days of the date of this Order, Plaintiff shall amend or stand on his complaint, as directed by the screening order.

Regarding the lack of law library access, the Court notes that its screening order, (ECF No. 9), contained various legal standards based on the claims Plaintiff asserted in his complaint. The Court will respectfully direct the Clerk to provide Plaintiff with an additional copies of the screening order and his complaint.

**C.   REQUEST FOR FORMS**

The Court will direct the clerk to provide Plaintiff with a form for filing an amended civil rights complaint.

**D.   CONCLUSION AND ORDER**

Accordingly, the Court HEREBY ORDERS:

1.  The findings and recommendation issued on May 5, 2020 (ECF No. 11) is VACATED;

2.  Plaintiff's motion to appoint counsel (ECF No. 12) is DENIED;

3.  Within thirty (30) days from the date this order is served, Plaintiff shall either file an amended complaint or notify the Court that he wishes to stand on his complaint, in the manner set forth in the screening order (ECF No. 9); and

4.  The Clerk of Court is DIRECTED to send copies of the following to Plaintiff:

    a.   The Complaint (ECF No. 1);

    b.   The Court's screening order (ECF No. 9); and

    c.   A civil rights complaint form.

IT IS SO ORDERED.

Dated:   **June 3, 2020**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE