UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN LITTLE,<br><br>                Plaintiff,<br><br>v.<br><br>A. RIBERA, et al.,<br><br>                Defendants. | Case No. 1:19-cv-1563-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

      Plaintiff, Shawn Little ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 1, 2019. (ECF No. 1.)

      The Court screened the complaint and found that it failed to state any cognizable claims. (ECF No. 9). The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file a First Amended Complaint. (*Id.*). The Court also gave Plaintiff the option of standing on his complaint, subject to the Court issuing findings and recommendations to a district judge

1

consistent with this order. (*Id.* at 9-10).

On May 4, 2020, Plaintiff filed a notice, notifying the Court that he wants to stand on his complaint. (ECF No. 10). The Court entered findings and recommendations, recommending dismissal of the action with prejudice for failure to state a claim, on May 5, 2020. (ECF No. 11). On June 2, 2020, Plaintiff filed a request for instructions, a request for appointment of counsel, and a request for various forms. (ECF No. 12). The Court, with instructions to Plaintiff, vacated its Findings and Recommendations and granted Plaintiff an additional thirty days to consider his options from the Court's original screening order. (ECF No. 13). Over thirty days have elapsed and Plaintiff has not responded. Accordingly, for the reasons set forth below, the Court recommends that this action be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with a court order.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

I.      **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff's Complaint alleges claims against three defendants: (1) A. Ribera, the Water and Plant Supervisor at California Correctional Institution ("CCI"), (2) B. Cates, the Chief Deputy Warden of CCI, and (3) C. Schuyler, Associate Warden at CCI (collectively, "Defendants"). The claims against Defendants are all in their individual capacities.

Plaintiff alleges CCI's water is contaminated with lead and/or coliform bacteria. The water is used to prepare meals and wash clothing. Plaintiff is dependent upon water to bathe. There is no other means to rely on for clean water.

Plaintiff alleges that it is common knowledge that CCI was erected at a period in time when the population was not aware of the dangers of using lead pipes to carry water to supply consumers, but that it is now common knowledge that no amount of lead and/or other contaminants are acceptable in the world's water supply. He alleges that is why employees carry bottled water into the prison: for their own protection.

Plaintiff alleges he is being slowly poisoned due to excessive amounts of lead in the water at CCI and that he suffers from headaches, stomach cramps, stiffness of joints, problems urinating, hard stools, excessive phlegm, sore throats and a slowed thought process.

\\\
\\\

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Legal Standards

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "It is cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Helling*, 509 U.S. at 33. Prison officials may not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Id.* Prison officials violate these Eighth Amendment guarantees when they are deliberately indifferent to such conditions. *Id.* at 35. There are objective and subjective components of this test.

First, the objective standard requires that the alleged deprivation be "sufficiently serious" and, where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

A prisoner must allege both that he will be harmed and that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling*, 509 U.S. at 36. Therefore, a "prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

Second, the subjective standard requires that the prison official actually "know of and disregard an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must ''be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. When extrapolated from circumstantial evidence, the substantial risk of serious harm must be so blatantly obvious that Defendants had to have been aware of it. *Foster v. Runnels*, 554 F.3d 807, 814 (1970); *see also*

*Conn v. City of Reno*, 591 F.3d 1081, 1097 (9th Cir. 2010) (holding that the magnitude of the risk must be "so obvious that [the defendant] must have been subjectively aware of it"), *vacated*, 563 U.S. 915 (2011), *reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011).

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health . . . ." *Farmer*, 511 U.S. at 843. "[D]eliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. This "deliberate indifference" standard is equivalent to ''recklessness,'' in which ''a person disregards a risk of harm of which he is aware.'' *Id.* at 836–37.

### B. Application to Plaintiff's Claims

The Court finds that Plaintiff's complaint fails to state a cognizable claim under these legal standards.

Beginning with the objective factor, Plaintiff has not alleged facts showing that he is incarcerated under conditions posing a substantial risk of serious harm.  Plaintiff alleges that the water supply is contaminated, but not the facts that support this conclusion.  It appears from the complaint that the sole basis for this assertion is that "[i]t is common knowledge that the California Correctional Institution was erected at a period in time when the population were NOT aware of the dangers of using lead pipes to carry the water supply to consumers, however, it is also common knowledge in the present that NO amount of lead and/or other contaminants are acceptable in the worlds water supply."  Plaintiff's reference to common knowledge is insufficient to establish these critical facts.  Moreover, merely being constructed at a certain period of time does not mean that CCI itself used lead pipes when it was constructed, that the original pipes are still are in place today, or that the pipes are leaking any substance into the water.  Plaintiff's complaint does not allege any other facts that would lead to this conclusion, such as any publication or notice of this danger or, indeed, any confirmation from any source.

Similarly, Plaintiff alleges that he "suffers from headaches, stomach cramps, stiffness of joints, problems urinating, hard stools, excessive flem [sic], sore throats, slowed thought

5

process." However, Plaintiff alleges no facts that would support the conclusion that these symptoms result from lead poisoning at CCI. For example, Plaintiff does not claim that any doctor or medical professional has informed him that he is suffering from lead poisoning.

Plaintiff's complaint also fails to state a claim for violation of the Eighth Amendment because Plaintiff has not alleged any facts satisfying the subjective standard by demonstrating that any of the individual Defendants knows that inmates face a substantial risk of serious harm and yet have disregarded that risk by failing to take reasonable measures to abate it. Plaintiff does not include any facts regarding what any defendant knows regarding the alleged risk of lead poisoning. While Plaintiff does allege that employees carry water bottles, this fact alone does not establish that the individual defendants are aware of a serious risk of lead poisoning. There are many other reasons why employees might wish to carry water bottles. Plaintiff also has not alleged sufficient facts to establish that the risk is so blatantly obvious that the individual defendants must know of it.

## IV. FAILURE TO COMPLY WITH COURT ORDER

Plaintiff requested, and the Court granted, additional time to consider his options after screening. Despite the grant of an additional thirty days, Plaintiff never responded to the Court's offer. Therefore, the Court will also recommend dismissing this action for failure to comply with a court order and failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

6

determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.* However, the Court also recommends dismissing this claim for failure to state a claim, which mitigates this factor.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

## V.   CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. The Court provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state a claim, and gave Plaintiff leave to file a First Amended Complaint, but Plaintiff chose to stand his complaint. Then after asking for additional time to reconsider his options, Plaintiff did not file an amended complaint or otherwise communicate with the Court.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed with prejudice for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2020**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

8